**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0573-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

VICTOR P. RUSS, a/k/a
VICTOR LINTON, VICTOR
RUSH, SALIK RUSS, VICTOR
RUSS, and VICTOR P. SALIK,

    Defendant-Appellant.

_____

Submitted March 25, 2026 – Decided June 25, 2026

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 09-10-0951 and 09-10-0952.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

James O. Tansey, First Assistant Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a self-represented supplemental brief.

PER CURIAM

Defendant Victor P. Russ appeals from the denial of his second post-conviction relief (PCR) application without an evidentiary hearing.  We affirm substantially for the reasons detailed by Judge Richard C. Wischusen in his well-reasoned October 10, 2024 decision.

I.

In October 2009, a Union County grand jury returned a twenty-seven count indictment charging defendant and his co-defendant, Jimmie Session, with:  murder, N.J.S.A. 2C:11-3(a)(1) or (2) (count one); felony murder, N.J.S.A. 2C:11-3(a)(3) (count two); first-degree robbery, N.J.S.A. 2C:15-1 (counts three, seven, eleven, fifteen, nineteen, and twenty-three); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (counts four, eight, twelve, sixteen, twenty, and twenty-four); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts five, nine, thirteen, seventeen, twenty-one, and twenty-five); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (counts six, ten, fourteen, eighteen, twenty-two, and twenty-six); and third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(1) (count twenty-seven).

2

Co-defendant Session pleaded guilty prior to trial and "became a key State's witness against defendant." State v. Russ, No. A-0529-13 (App. Div. July 13, 2016) (slip op. at 2). On April 15, 2013, a jury convicted defendant on all counts, arising "from a series of liquor store and convenience store robberies on December 31, 2008, and during the early months of 2009." State v. Russ, No. A-3163-20 (App. Div. Jan. 12, 2023) (slip op. at 1). In July 2013, after "appropriate mergers," the trial judge sentenced defendant to life imprisonment for the murder conviction, "with a consecutive aggregate sentence of thirty years imprisonment" on the other counts. Ibid.

The facts, as we summarized in deciding the direct appeal in 2016, are further paraphrased as follows. On March 18, 2009, the owner of Skylark Discount Liquors in Roselle was shot and killed during a robbery. Witnesses saw "a light-skinned . . . 'stocky'" African American man enter a car and flee the scene. A limousine driver in the area noted the vehicle's license plate, which led detectives to an Oldsmobile Alero with a stolen plate. Using E-ZPass records and surveillance footage, investigators linked the car to other robberies. Police identified Session as the Alero's owner and began monitoring his phone calls and movements.

3

Session pleaded guilty to aggravated manslaughter and testified against defendant consistent with terms of a plea agreement. Session described how he and defendant prepared for each robbery, including switching license plates and disguising themselves. Police surveillance, searches, cell phone tower data, and ballistics led to additional inculpatory evidence.

We affirmed defendant's convictions and sentence, remanding to trial court solely to amend the judgment of conviction to reflect the required period of parole ineligibility on the life sentence pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Id. at 4. The Supreme Court denied defendant's petition for certification. State v. Russ, 228 N.J. 63 (2016).

Following denial of his petition, defendant filed his first self-represented PCR petition alleging ineffective assistance of trial counsel. PCR counsel filed a supplemental brief in March 2019. The first PCR judge heard argument and denied the petition without an evidentiary hearing in an April 23, 2021 order. On January 12, 2023, we affirmed. State v. Russ, A-3163-20 (App. Div. Jan. 12, 2023). The Supreme Court denied defendant's petition for certification. State v. Russ, 253 N.J. 439 (2023).

In August 2023, defendant filed a second self-represented PCR petition. Assigned counsel submitted a merits brief in May 2024 and a supplemental letter

4

brief in June. In the May 2024 merits brief, PCR counsel raised the following ineffective assistance arguments:

> (1) The trial court erred when it overruled defendant's objection to the testimony of the State's cell phone expert Adam Durando;
>
> (2) Trial counsel's failure to call a rebuttal 911 expert was prejudicial;
>
> (3) Trial counsel was ineffective by failing to request an adjournment to adequately investigate late disclosures that codefendant Session had committed other robberies;
>
> (4) Appellate counsel failed to argue that the trial court erred when it denied defendant's motions for a judgment of acquittal and a new trial.

In this May 2024 merits brief, PCR counsel also advanced the following enumerated points: (1) defendant filed a timely second PCR petition; (2) a genuine issue of material fact is in dispute, and therefore, an evidentiary hearing is required; (3) the New Jersey Supreme Court's decision in State v. Burney requires a new trial.

In a supplemental letter brief in support of defendant's second PCR petition, counsel argued the procedural bars of Rules 3:22-4 and 3:22-5 "should be waived in the interest of justice."

In denying the second PCR petition, Judge Wischusen concluded defendant's application failed both prongs of the Strickland[1] test and that defendant had not met the prima facie standard to warrant an evidentiary hearing.

Judge Wischusen addressed all points raised, including State v. Burney, 255 N.J. 1, 25 (2023), where the Supreme Court held there was a lack of data to support an expert's "approximation of [a] cell tower's coverage area" when "the testimony was based on nothing more than [the expert's] personal experience." Judge Wischusen found defendant's conviction did not mandate reversal, writing:

> [t]he towers were actually extremely close to the crime scenes, in most cases within a few hundred feet. The expert in Burney used a "Rule of Thumb." In the cases before this court, the testifying expert explained in requisite detail the manner in which he reached his conclusion. If anything, [the State's expert] Durando underestimated the cellphone coverage area. Furthermore, PCR counsel would have this court ignore the other overwhelming evidence presented to the jury that resulted in the conviction of [defendant]. As noted above, the Appellate Division, in denying the direct appeal, summarized at great length the "substantial evidence" presented at trial. . . . Only one sentence referenced the cellphone towers. "A representative from Sprint testified that, based upon the review of the phone records of Session[] and defendant, the two were

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

making phone calls or texting each other in the vicinity of several of the robberies on the night of those robberies." That was the only reference in the six full pages of facts.

Therefore, this court concludes that the Burney decision does not justify the granting of this PCR, the court also finds that even if the cellphone expert was not permitted to testify, there was substantial evidence to support [defendant]'s guilt.

Regarding trial counsel's purported failure to call a 9-1-1 expert, Judge Wischusen noted, PCR "counsel does not explain how or why such an expert would have impacted the outcome of the trial. More importantly, counsel does not provide his own 9-1-1 expert in support of such a position." Concerning alleged ineffectiveness of trial counsel in not requesting an adjournment when there was purported late disclosure regarding Session's involvement in other robberies, the judge observed, PCR "counsel does not explain how or why an adjournment request would have benefitted his client. Such a failure is fatal in this PCR application on that issue." Lastly, addressing the claim of cumulative error, Judge Wischusen noted the first appellate panel summarily rejected that contention, stating "[i]n light of our discussion, we also reject defendant's argument that the cumulative effect of the alleged error requires reversal."

Defendant appeals, raising the following arguments:

POINT I

AS [DEFENDANT] HAS ESTABLISHED A CASE OF INEFFECTIVE ASSISTANCE OF FIRST PCR APPELLATE COUNSEL AND THAT HE WAS PREJUDICED THEREBY, THE SECOND PCR COURT ERRED WHEN IT DENIED HIS SECOND PCR PETITION.

(1) First PCR appellate counsel was ineffective by failing to argue that the first PCR court erred when it found trial court did not err when it overruled defendant's objection to the testimony of the State's cell phone expert Adam Durando.

(2) First PCR appellate counsel was ineffective by failing to argue that the first PCR court erred when it held that trial counsel's failure to call a rebuttal 9[-]1[-]1 expert was not prejudicial.

(3) First PCR appellate counsel was ineffective by failing to argue that the first PCR court [w]as wrong when it found that trial counsel was not ineffective by failing to request an adjournment to adequately investigate late disclosures that codefendant Session[] had committed other robberies.

(4) First PCR appellate counsel was ineffective by failing to argue that the first PCR court erred when it found that appellate counsel was not ineffective by failing to argue that the trial court erred when it denied defendant's motions for a judgment of acquittal and a new trial.

8

POINT II

AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE, AN EVIDENTIARY HEARING IS REQUIRED.

POINT III

THE NEW JERSEY SUPREME COURT'S DECISION IN <u>STATE V. BURNEY</u>, 255 N.J. 1 (2023) REQUIRES A NEW TRIAL.

II.

To succeed on an ineffective assistance of counsel claim, a defendant must meet the two-prong test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient." <u>State v. Gideon</u>, 244 N.J. 538, 550 (2021) (quoting <u>Strickland</u>, 466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." <u>Ibid.</u> (quoting <u>Strickland</u>, 466 U.S. at 687).

"The defendant's conviction must be reversed if both prongs of the <u>Strickland</u> standard have been satisfied because, in such cases, 'the ineffective representation constitutes a breakdown in the adversary process . . . render[ing] the result unreliable.'" <u>Ibid.</u> (quoting <u>State v. Nash</u>, 212 N.J. 518, 542 (2013) (quoting <u>Strickland</u>, 466 U.S. at 687)).

9

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 354-55 (2013). In order to obtain an evidentiary hearing on a PCR application based upon ineffective assistance of counsel, a defendant must make a prima facie showing of deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 462 (1992). "When determining the propriety of conducting an evidentiary hearing, the PCR court should view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014) (citing State v. Marshall, 148 N.J. 89, 158 (1997)).

"[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). Where, as here, the trial court does not conduct an evidentiary hearing on a PCR petition, we review de novo both the PCR court's factual findings and legal conclusions. State v. Harris, 181 N.J. 391, 421 (2004).

On full examination of the record, we add only the following to Judge Wischusen's thorough decision. Defendant again challenges the testimony of the State's cell tower expert, contending PCR appellate counsel was ineffective for failing to assert the first PCR court erred when it found no error in the trial court's decision to overrule defendant's objection to the expert's testimony. We

disagree. Our 2023 analysis of the cell phone tower expert issue, coupled with Judge Wischusen's thorough examination, requires no further elaboration. R. 3:22-4, -5.

Likewise, we are satisfied Judge Wischusen correctly determined defendant's claims regarding PCR counsel's alleged ineffectiveness—specifically, for failing to argue trial counsel was ineffective for not retaining a 9-1-1 expert or requesting an adjournment—were also without merit.

To the extent we have not specifically addressed any remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

11

A-0573-24